```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

DONALD FISCHER a/k/a Clarence Donald Fischer

                Plaintiff,

vs.                              Case No. 2:03-cv-663-FtM-29DNF

CAROL SUE COVELL, DEBORAH LEOCI, and DIANE DRAMKO,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Clerk's Entry of Judgment by Default and Demand for Judgment (Doc. #110), filed March 29, 2006, and Motion for Clerk's Entry of Default (Doc. #111), filed on April 6, 2006, and construed as a request for a default judgment against defendant Carol Sue Covell Barber. Plaintiff seeks $1,000,684.90 for damages and costs associated with service by the U.S. Marshal claiming a sum certain.

**I.**

The Amended Complaint (Doc. #27) alleges the following facts: On or about March of 2003, while incarcerated in the Lee County Jail, plaintiff received a letter from Defendant Carol Sue Covell Barber ("Barber"), mother of his minor daughter B.F., stating that B.F. was uncontrollable and that Barber wanted plaintiff and his mother to take the child into their temporary custody. A few days later, while still incarcerated, plaintiff was informed that his

child had been temporarily sheltered by the State due to charges of abuse, neglect, and abandonment against Barber.  Plaintiff alleges that placement of B.F. in shelter violated his rights under Florida statutes.   Plaintiff also alleges that his state rights were further violated because he was not notified of, nor was he present at, the initial shelter hearing, despite the fact that his whereabouts where known to the defendants. Additionally, plaintiff states that Judge Steinbeck refused to allow plaintiff to present evidence.  Further, an "Interstate Compact Homestudy" was to have been done to address placing B.F. with the paternal grandparents, but was not completed.  Plaintiff claims that his rights were violated when his child  was sheltered while the grandparents and an aunt were willing to provide care for the child.  Plaintiff further asserts defendants have discriminated against him by placing B.F. back into the same home from where she had been removed.  Plaintiff also asserts that he is the victim of cruel and unusual punishment through defendants' using their respective state positions and titles to keep plaintiff and his daughter apart.  The cumulative affect of all this alleged discrimination, plaintiff asserts, is the deterioration of his relationship with his daughter, who now resents and hates him.

Plaintiff's Amended Complaint is brought pursuant to 42 U.S.C. § 1983 and asserts violations of plaintiff's rights under the First, Eighth, and Fourteenth Amendments of the United States

Constitution as well as The Uniform Child Custody Jurisdiction Act (UCCJA), Fla. Stat. §§ 61.518 and 61.531(c). Plaintiff asserts he is not seeking resolution of a child custody issue, but is attempting to demonstrate that his rights under the Constitution and other laws have been purposefully violated with malice. He generally alleges racial and gender discrimination and misuse of power. Plaintiff seeks $10 million in damages, $1 million as to each defendant.

The Process Receipt and Return (Doc. #103) indicates that service of process was effected by personal service on Carol Sue (Covell) Barber on December 7, 2005, by the U.S. Marshal after several attempts. Finding no appearance, plaintiff moved for and was granted a default against defendant Barber pursuant to Fed. R. Civ. P. 55(a). (See Docs. #107, #108). A Clerk's Entry of Default (Doc. #109) was made on March 24, 2006, and plaintiff thereafter moved for a default judgment under Fed. R. Civ. P. 55(b).

**II.**

"The defendant, by [her] default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Constr. Co., Ltd., v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)(citations

omitted).[1] Although plaintiff has complied with all preliminary requirements for a default judgment, the Court must determine whether the allegations in the Complaint are truly well-pleaded to support entitlement to a default judgment. Plaintiff's allegations against defendants, including Barber, imply some state action. Defendant Barber, although a key player in the child custody matters, is a private citizen.

A § 1983 claim requires that plaintiff show that the conduct was committed by a person acting under the color of state law at the relevant time. Loren v. Sasser, 309 F.3d 1296, 1303 (11th Cir. 2002)(citing Almand v. DeKalb County, Ga., 103 F.3d 1510, 1513 (11th Cir. 1997)), cert. denied, 538 U.S. 1057 (2003). "[S]ection 1983 does not afford a remedy against a private person unless that person is shown to have conspired with one or more state actors." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1285 (11th Cir. 2002)(citing NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990)). It is a rare circumstance where a private party can be viewed as a state actor for § 1983 purposes, and if there is no state action the case must be dismissed. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). To find that a private party is a state actor, the Court must find one of the following conditions exists: (1) the state coerced or encouraged the alleged

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

constitutional violation; (2) the private party performed a public function; or (3) the private party and state were in a position of interdependence as a joint enterprise. Id. at 1347. Plaintiff has not alleged or argued that any of the aforementioned conditions exist, and the Court does not find any state action by defendant Barber. Plaintiff's ex-wife and the mother of B.F. is alleged to have been charged by the state and is not a defending parent attempting to maintain custody. Additionally, defendant Barber is not alleged to have prevented or interfered with plaintiff's rights in the state court proceedings.

It would appear, despite defendant Barber's default, that plaintiff's allegations in the Amended Complaint (Doc. #27) do not support the entry of judgment in his favor. The Court also notes that plaintiff's averments that the judgment is for a sum certain is inaccurate. Federal Rule of Civil Procedure 55(b)(1) provides that when a "claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment." Plaintiff has not submitted an affidavit to support an allegation that $1 million is the actual damage or loss to plaintiff, and the Court finds that the amount is unreasonably high. The Court would also note that plaintiff was permitted to proceed *in forma pauperis* therefore the costs associated with service were not bourne by plaintiff but by the U.S. Marshal's

Office.  Therefore, plaintiff is not entitled to the $684.90 in costs.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Clerk's Entry of Judgment by Default and Demand for Judgment (Doc. #110) is **DENIED** as moot.

2. Plaintiff's Motion for Clerk's Entry of Default (Doc. #111) is **DENIED**.

3. Defendant Carol Sue Covell Barber is dismissed without prejudice.  The Clerk shall enter judgment accordingly and terminate this defendant.

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of April, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Plaintiff
Counsel of record