**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

DONALD FISCHER,

          Plaintiff,

-vs-                                                Case No.  2:03-cv-663-FtM-DNF

DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, HONORABLE
JUDGE MARGARET O. STEINBECK,
MIKE MURPHY, CHRISTINA BOMAR,
SYLVIA PERLOWSKI, MARY KISH,
DEBORAH LEOCI, and DIANE
DRAMKO,

          Defendants.
_____/

## OPINION AND ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 134)** |
| **FILED:** | September 13, 2006 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **MOTION FOR VOLUNTARY DISMISSAL (Doc. No. 140)** |
| **FILED:** | December 14, 2006 |
| **THEREON** it is **ORDERED** that the motion is **DENIED** as moot. | |

The two remaining Defendants, Deborah Leoci ("Leoci") and Diane M. Dramko ("Dramko") filed this Motion for Judgment on the Pleadings requesting that the Court enter judgment in their favor. No response was filed to the Motion. The other Defendants were dismissed from this action by Order (Doc. 86) entered by the Honorable John E. Steele, United States District Judge on February 28, 2006. Judge Steele also dismissed the portions of the Amended Complaint (Doc. 27) "which rely upon such alleged violations of state law" "as to all defendants in all capacities for failing to state a claim upon which relief may be granted under [42 U.S.C.] §1983." The remaining claims are those which allege violations of federal laws or the Constitution against Leoci and Dramko.

On December 14, 2006, the Plaintiff, Donald Fischer filed a Motion for Voluntary Dismissal of Case (Doc. 140). In that Motion, the Plaintiff requested that the Court voluntarily dismiss these two remaining Defendants, however, he also requested that the Court not dismiss the case against Carol Sue Covell Barber. In an Order (Doc. 141) entered on December 20, 2006, the Court explained that Carol Sue Covell Barber had been dismissed by a previous Order (Doc. 113) and that she was no longer in this action. The Court allowed the Plaintiff additional time to withdraw his Motion for Voluntary Dismissal based upon Ms. Covell Barber having been dismissed from the case. The response time has passed and the Plaintiff has failed to file any document in response to the Order (Doc. 141) entered on December 20, 2006. In addition, the Defendants Deborah Leoci and Diane Dramko did not file a response to the Motion for Voluntary Dismissal. The Court will consider the merits of the Motion for Judgment on the Pleadings rather than rely on the Motion for Voluntary Dismissal due to the conditional nature of the Motion.

### I. Standard for Motion for Judgment on the Pleadings

Leoci and Dramko request that a judgment on the pleadings be entered pursuant to Fed.R.Civ.P. 12(c). Rule12(c) provides as follows: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." To obtain a judgment on the pleadings, the moving party must establish that no material issue of fact remains unresolved, and that the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999). The facts must be viewed in the light most favorable to the nonmoving party and must be accepted as true as they are alleged in the complaint. *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).

### II. Facts

The allegations of the Amended Complaint will be taken as true for the purposes of the Motion for Judgment on the Pleadings.[1] In his Amended Complaint (Doc. 27), the Plaintiff, Donald Fischer ("Fischer") alleges that he was discriminated against by all of the Defendants based on his race and gender. He claims that his rights were violated by the Defendants who were acting under color of state law, and that the Defendants violated the Uniform Child Custody Jurisdiction Act, the First Amendment, the Eighth Amendment, and the Fourteenth Amendment of the United States Constitution. He asserts that in March 2003, while incarcerated in the Lee County Jail, he received a letter from Carol Sue Covell who is the mother of his child, Brittany Fischer. In the letter, Ms. Covell notified Fischer that the child was unruly and uncontrollable and she wished that Fischer and his mother

---

[1] In the Motion for Judgment on the Pleadings (Doc. 134), Leoci and Dramko included facts which were not part of the Amended Complaint. The Court will accept as true only the facts as alleged in the Amended Complaint, and will not consider the additional facts alleged by Leoci and Dramko.

would take custody of the child. The Defendant, Christina Bomar from the Department of Family and Children visited Fischer and told him that his daughter was being temporarily placed in a shelter because Ms. Covell had been charged with abuse, neglect, abandonment, and her current boyfriend was a known sexual predator. Ms. Bomar told Fischer that he would be obtaining custody of his daughter. Ms. Bomar told Fischer that the Guardian Ad Litem would make his recommendations as to custody and the judge assigned to the case would "work toward that recommendation." (Doc. 27, p. 13).

Fischer argues that he was not given notice of the shelter hearing for his daughter, and he was not present at the shelter hearing. Fischer claims that his daughter was again placed in the custody of Ms. Covell and as a result was placed in danger. Fischer was told that an Interstate Compact Homestudy was to be done on his parents, and that was never completed.

Fischer argues that Leoci and Dramko did not ensure that Fischer received notice of the shelter hearing, and ensure that Fischer was present at the shelter hearing. He claims that his personal relationship with his child deteriorated and eventually she developed resentment and hatred for him. Fischer argues that Dramko failed to file motions when he requested and failed to answer his letters. Dramko failed to inform Fischer of the shelter hearings.

### III. Discussion

Fischer brings this action pursuant to 42 U.S.C. §1983 and claims a violation of his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, and the Uniform

Child Custody Jurisdiction Act, Fla. Stat. §§61.518 and 61.531(c).  As stated above, Judge Steele dismissed all allegations concerning the Uniform Child Custody Jurisdiction Act.   Title 42 U.S.C. §1983 imposes liability on any person who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To establish a claim under §1983, a plaintiff must allege and ultimately prove that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Wilson v. Bush*, 2006 WL 2578637, *1 (11th Cir. 2006) (citing *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001));. *Arrington v. Cobb County,* 139 F.3d 865, 872 (11th Cir. 1998).  In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  *Troupe v. Sarasota County, Fla.*, 419 F.3d 1160, 1165 (11th Cir. 2005).

Leoci and Dramko assert that they were not acting under color of state law, and therefore they are entitled to judgment on the pleadings.  Fischer must show that he was deprived of a federal right by an individual who was acting under color of state law.  *Wilson v. Bush*, 2006 WL 2578637 at *1, *Schultz v. Ashcroft*, 174 Fed. Appx. 534, 538 (11th Cir. 2006).  Only in rare circumstances will a private party be seen as a state actor for §1983 purposes.  *Wilson v. Bush,* 2006 WL 2578637 at *1 (citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)); *Schultz v. Ashcroft*, 174 Fed.Appx. at 538.  For a private party to be considered a state actor, one of three conditions must be met:

> (1) the state has coerced or at least significantly encouraged the action alleged to have violated the Constitution; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state; or (3) the state has so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise.

*Washington v. Veterans of Foreign Wars of the United States*, 2006 WL 2429961, *2 (11th Cir. 2006) (citing *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001));  *Wilson v. Bush*, 2006 WL 2578637 at *1.  An attorney acting for a private party is not a state actor. *Wilson v. Bush*, 2006 WL 2578637 at *2).  A public defender and a court-appointed defense counsel performing traditional functions of a lawyer to a defendant in a criminal proceeding are not state actors, and are not acting under color of state law.  *Pearson v. Myles*, 2006 WL 1818716 *1 (11th Cir. 2006) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

In the instant case, Fischer states that Dramko was appointed to represent him for the shelter hearings.  Fischer fails to identify the role that Leoci played other than she was an attorney involved in the shelter hearings.  Fischer failed to allege any facts that Dramko and Leoci were acting under color of state law other than his unsupported conclusions.  Fischer has not shown that the actions of either Dramko and Leoci satisfy any of the three conditions for a private party to be considered a state actor. Fischer had not alleged that the state coerced or encouraged any of the actions which Fischer alleges violated the Constitution; that Dramko or Leoci were performing public functions that were traditionally handled by the state; or that the state had "insinuated itself" with Dramko or Leoci as joint participants in the enterprise.  An attorney representing a client and performing traditional attorney functions are not state actors and are not acting under color of state law.  Therefore, Dramko and Leoci are entitled to judgment on the pleadings, and the Motion for Judgment on the Pleadings is due to be granted.

**IT IS FURTHER ORDERED:**

1) The Clerk shall enter judgment as follows:[2]

a) The Honorable Judge Margaret O. Steinbeck in her individual and official capacities is dismissed with prejudice;

b) The Department of Children and Family Services is dismissed with prejudice;

c) The Department of Children and Family Services Secretary Jerry Reiger in his official capacity is dismissed with prejudice;

d) The Department of Children and Family Services District Administrator Mike Murphy in his official capacity is dismissed with prejudice;

e) The Department of Children and Family Services Counselors Christina Bomar, Mary Kish and Sylvia Perlowski in their official capacities are dismissed with prejudice;

f) Secretary Jerry Reiger, District Administrator Mike Murphy, and Counselors Christina Bomar, Mary Kish, and Sylvia Perlowski are dismissed without prejudice in their individual capacities.

g) Diane M. Dramko and Deborah Leoci are entitled to judgment on the pleadings and judgment shall be entered in their favor.

2) The Clerk shall terminate all pending motions and deadlines and close this case.

---

[2] The dismissals of the Defendants other than Dramko, Leoci and Carol Sue Covell is pursuant to an Order (Doc. 86) entered by Judge Steele on February 28, 2005, which directed the Clerk to withhold the entry of judgment as to these other Defendants until the conclusion of the case. Carol Sue Covell was dismissed from this action pursuant to an Order (Doc. 113) entered on April 18, 2006 by Judge Steele and Judgment (Doc. 114) was entered in her favor on April 20, 2006.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this 24th day of January, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record